## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| MR. SANDLESS FRANCHISE LLC | [__ Civ. ____ (___)(___)] |
| Plaintiff(s), | |
| v. | **COMPLAINT** |
| ELITE FLOOR CARE LLC | |
| 730 Charles Young Rd | |
| Walland, Tennessee 37886-3024 | |
| And | |
| JASON SUTTLES, | |
| 3237 Ginn Drive | |
| Knoxville, Tennessee 37920 | |
| as AGENT and INDIVIDUALLY | |
| | |
| Defendant(s). | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Mr. Sandless Franchise LLC ("Mr. Sandless"), by and through its attorneys, Alan L. Frank Law Associates, P.C., for its Complaint against first defendant Elite Floor Care LLC and second defendant Jason Suttles ("Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.      This is an action for infringement of Plaintiff's federally-registered service mark MR. SANDLESS®, US Registration No. 5173423, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), all arising from the Defendants' unauthorized use of the Mark MR.

SANDLESS®, or a substantial portion thereof, in connection with floor care services as marketed and advertised on the internet, including but not limited to, presentation and marketing on YOU TUBE and related internet marketing services and techniques.

2.     Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b).

## VENUE

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants market on the internet with substantial viewers likely in this district and throughout the country, Trademark Registration owner and exclusive licensee, the Plaintiff herein, are both located in this district, and that many parts of the events, marketing and damage occur in this district 28 U.S.C. § 1391(b)(2), and that the Defendants cause substantial damage in various districts throughout the country where the advertising and marketing inappropriately using the Plaintiff's trademark, or a substantial and relevant portion thereof, is displayed and viewed by individuals using the internet and searching for Mr. Sandless.

## PARTIES

5.     Plaintiff Mr. Sandless is a limited liability company formed under the laws of the Commonwealth of Pennsylvania and does business in Aston, Pennsylvania as its principal place of business in the United States.

6.      Upon information and belief, the first Defendant is a limited liability company formed under the laws of the state of Tennessee, with at least one address at 730 Charles Young Rd, Walland, TN 37886-3024, as shown on the current books and records of the Secretary of State of Tennessee.

7.      Second Defendant, upon information and belief, is the sole agent and sole owner of the above limited liability company and operates the LLC and is the sole manager of the LLC making the choices for using the Plaintiff's Mark and infringing by use of such Mark in the manner or fashion described below.

## FACTS

**A.  Plaintiff and Its MR. SANDLESS® Federally Registered Trademark**

8.      Mr. Sandless, in business for about 20 years, is a well-known provider of franchise services and management of proprietary methods of floor refinishing, has numerous federally registered trademarks (the "Marks"), all of which are centered around the use of its most famous Mark MR. SANDLESS® for specialty wooden floor finishing services that are unique, and which do not involve or require surface sanding or preparation by use of abrasive means prior to refinishing the surface using proprietary and well-reviewed techniques.  Mr. Sandless expends substantial resources in marketing its services through worldwide advertising and presently has **106 US franchises** operating **208 exclusive franchise territories.**  Mr. Sandless has gained worldwide acclaim, national prominence in wood floor refinishing without use of sanding or abrasives and operates throughout the United States and in 5 countries throughout the world since its beginning on or about April 1, 2004, and all exclusively under the MR. SANDLESS® Mark.

9.      Mr. Sandless is the exclusive licensee of valid and subsisting United States Trademark Registration No. 5173423 on the Principal Register in the United States Patent and Trademark Office for MR. SANDLESS®  (hereinafter "the Mark") for franchise services, namely, offering business management assistance in the establishment and operation of no sanding refinishing services, and, for no sanding wood floor refinishing, and the Mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Plaintiff's United States MR. SANDLESS® Registration No. 5173423, which was issued by the United States Patent and Trademark Office on April 04, 2017.

10.      Plaintiff has used the MR. SANDLESS® Mark in commerce throughout the entire United States continuously since April 01, 2004, in connection with franchise services, namely, offering business management assistance in the establishment and operation of no sanding refinishing services, and, for no sanding wood floor refinishing.  Attached hereto as Exhibit 2 are copies of representative samples of Mr. Sandless' use of the MR. SANDLESS® Mark in connection with the services defined above.

11.      As a result of its widespread, continuous, and exclusive use of the MR. SANDLESS® Mark to identify operation of no sanding refinishing services, and, for no sanding wood floor refinishing, and Plaintiff as their source, owns valid and subsisting federal statutory and common law rights to the MR. SANDLESS® Mark.

12.      Plaintiff's MR. SANDLESS® Mark is distinctive to both the eyes of the consuming public and Plaintiff's trade.

4

13.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the franchise services, namely, offering business management assistance in the establishment and operation of no sanding refinishing services, and, for no sanding wood floor refinishing sold under the MR. SANDLESS® Mark including through Plaintiff's national magazine advertising, newspaper advertising, radio and TV marketing campaigns and promotional efforts, including displays at and appearance at trade shows and public events to promote the MR. SANDLESS® brand of floor refinishing that does not require sanding or is otherwise free of sanding.  During the period from beginning of the use of the Mark as indicated above to the present date, Plaintiff has expended over TWO MILLION US Dollars ($2,000,000.00) on the marketing, advertising, and promotion of both the franchise services, namely, offering business management assistance in the establishment and operation of no sanding refinishing services, and, for its proprietary no sanding wood floor refinishing sold under the MR. SANDLESS® Mark.

14.     Plaintiff, through itself and through its authorized franchisees, provides the goods and services under the MR. SANDLESS® Mark to the public in various areas throughout the country in which exclusive use of the Mark by the Plaintiff's franchisees is provided.

15.     The Plaintiff's use of its Mark MR. SANDLESS® has become famous in that it is a widely acclaimed and top-rated floor refinisher using products that do not require sanding and which are therefore dust free and preferred by many homeowners in refinishing wood surfaces and in particular wood floor services.

16.     Plaintiff offers and sells its goods and services under its MR. SANDLESS® Mark to homeowners, businesses and other institutions and establishments which prefer the refinishing

of floors without the use of sanding or other screening type of floor preparation which almost universally requires use of abrasive devices and equipment which remove a surface layer of the existing floor or wood surface in the application of such typical and traditional techniques.

17.     The services for no sanding wood floor refinishing Plaintiff offers under the MR. SANDLESS® Mark are of high-quality floor and other wood surfaces refinishing without the use of abrasive means or sanding of the floor prior to refinishing.

18.     As a result of Plaintiff's expenditures and efforts, the MR. SANDLESS® Mark has come to signify the high quality of both the franchise services, namely, offering business management assistance in the establishment and operation of no sanding refinishing services, and, for no sanding wood floor refinishing designated by the MR. SANDLESS® Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

19.     Plaintiff's MR. SANDLESS® Mark and both the franchise services and for no sanding wood floor refinishing offered thereunder have received significant unsolicited coverage in various media, including national TV coverage, reviews and commentary by various magazines and newspapers over the years.

20.     As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's MR. SANDLESS® Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

21.     Plaintiff has scrupulously and successfully enforced and protected its MR. SANDLESS® Mark, as well as its other related Marks against past infringements, having

undertaken trademark and related intellectual property litigation in various United States federal courts throughout the country.

## B.  Defendants' Unlawful Activities

22.    Upon information and belief, Defendants are engaged in marketing its floor refinishing activities by placing advertisement and YOU TUBE videos on the internet which are viewed by many consumers when searching for the term MR. SANDLESS and arrives at the Defendants' video demonstrations of their floor refinishing activities which require abrasives, sanding, and/or screening processes which are different from the famous floor refinishing activities by the Plaintiff which do not use sanding and do not create the dust and other debris which is common in the Defendants' sanding of activities for refinishing the floor as shown in their own YOU TUBE videos.

23.    Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its MR. SANDLESS® Mark, Defendants adopted and began using the term "SANDLESS," the major and distinctive part of the incontestable registration of the Plaintiff, by embedding the term "SANDLESS" (the "Infringing Mark") in its internet advertising and YOU TUBE videos as well as referring to its activities as "SANDLESS" thereby intercepting and confusing customers who are searching for Mr. Sandless and one of its franchisees.

24.    The Infringing Mark adopted and used by Defendants is essentially identical to the Plaintiff's MR. SANDLESS® Mark in that the word "SANDLESS" is the part of the Mark which is the most recognized by consumers and the part of the Mark in which customers have come to know the high-quality services of the Mr. Sandless franchises.

25.     Upon information and belief, Defendants have been engaged in the advertising, promotion, offering for sale of the services highlighting the major portion of the infringing word "Sandless" in Tennessee and throughout the country given the observation by the Plaintiff of the popularity of the Defendants' small business which deceptively uses procedures which require sanding, screening, or abrasives, unlike the proprietary no sanding process of Mr. Sandless. Attached hereto as Exhibit 3 are true and correct depictions representative of Defendants' advertising and marketing which cause Defendants' ratings on the popular search engine "Google" to return high ranking when searching the term SANDLESS.

26.     Upon information and belief, the Defendants have marketed, advertised, promoted, offered for sale, and sold using the Infringing Mark in its own sales in an attempt to confuse customers who are looking and searching the internet for Mr. Sandless in that the Defendants use the key word SANDLESS which is not a descriptive word, to attract customers searching for MR. SANDLESS even though the Defendants **do not** use a sanding-free process.

27.     Upon information and belief, Defendants have provided, marketed, advertised, promoted, offered for sale, and sold its floor refinishing activities which require abrasives, sanding, and/or screening processes marketed under the Infringing Mark through internet YOU TUBE [see eg. https://www.youtube.com/watch?v=PJ5PO_8paVc] promotions which cause customer confusion when customers search for MR. SANDLESS.

28.     Upon information and belief, Defendants have marketed, advertised, and promoted its floor refinishing activities which require abrasives, sanding, and/or screening processes under the Infringing use of a similar Mark which upon information and belief has and will cause loss of customers and complaints to Mr. SANDLESS in the market area of the

8

Plaintiff's authorized licensees and franchisees who are authorized to use the Mark and actually use a proprietary non-sanding process, unlike the Defendants.

29.     Upon information and belief, Defendants offers and sells its floor refinishing activities which require abrasives, sanding, and/or screening processes Defendants purposely associates with the term SANDLESS to intercept consumers searching for Mr. Sandless using the major component of Plaintiff's Mark to homeowners and other entities searching for Mr. Sandless services.

30.     Upon information and belief, the floor refinishing activities which require abrasives, sanding, and/or screening processes the Defendants offer under the Infringing Mark are inferior to Mr. Sandless' processes and dilute and damage the MR. SANDLESS® Mark and goodwill generated over many years of use and marketing.

31.     On March 30, 2023, Plaintiff's counsel presented a cease and desist letter to Defendants objecting to Defendants' use of the term "SANDLESS".  Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's March 30, 2023, cease and desist letter to Defendants.

32.     To date, Plaintiff has received no response to its cease and desist letter and, after reasonable inquiry and allowing reasonable time for compliance, has received no evidence that Defendants have taken any steps to avoid the confusion that they have created by using the term "SANDLESS" for their own services, even though the services provided do require sanding, screening, or abrasive applications prior to refinishing the floor.

33.    Defendants have also begun use of another portion of Plaintiff's US Trademark Registration for REFINISHING THE WORLD, ONE CUSTOMER, ONE FLOOR AT A TIME!, US Trademark Registration No. 4693689 issued March 3, 2015 based on a date of first use of May 1, 2012.

34.    Use of or reference to Plaintiff's Marks, particularly with reference to "ONE FLOOR AT A TIME" in combination with SANDLESS illustrate Defendants' intentions to trade off the popularity of Plaintiff's MR. SANDLESS Mark and the trademarks and marketing of Mr Sandless as used in combination throughout the United States and other countries.

35.    Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' floor refinishing activities which require sanding, and/or screening processes and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' floor refinishing activities which require abrasives, sanding, and/or screening processes originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

36.    Defendants' infringing acts as alleged herein have resulted in actual confusion as evidenced by undertaking conventional internet searches using reputable search engines such as Google, searching the term "SANDLESS."  The Defendants' activities as displayed on the internet and otherwise advertised, are not in fact procedures which provide consumers with the proprietary services of Mr. Sandless which do not use sanding, screening, or abrasives to finish the floor.  Rather, the Defendants' use of the term "SANDLESS," which is not a dictionary term

or descriptive term in common usage, is used falsely to divert those searching for Mr. Sandless to the Defendants' website.

37.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's MR. SANDLESS® Mark, cause confusion and deception in the marketplace, divert potential sales of Plaintiff's franchise services, namely, the establishment and operation of no sanding refinishing services and no sanding wood floor refinishing to the Defendants.

38.     Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE Federal Trademark Infringement

39.     Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' floor refinishing activities which require abrasives, sanding, and/or screening processes, and is likely to cause consumers to believe, contrary to fact, that floor refinishing activities which require abrasives, sanding, and/or screening processes are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.  Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the MR. SANDLESS® Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

42.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

43.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT TWO Federal Unfair Competition

44.     Plaintiff repeats and realleges paragraphs 1 through 43 hereof, as if fully set forth herein.

45.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' floor refinishing activities which require abrasives, sanding, and/or screening processes, and is likely to cause consumers to believe, contrary to fact, that Defendants' floor refinishing activities which require abrasives, sanding, and/or screening processes are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

46.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

47.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

48.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

50.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE Federal Trademark Dilution

51.     Plaintiff repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52.     Plaintiff's MR. SANDLESS® Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     Plaintiff's MR. SANDLESS® Mark became distinctive and famous prior to the Defendants' acts as alleged herein.

54.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous MR. SANDLESS® Mark.

55.     Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's MR. SANDLESS® Mark by undermining and damaging the valuable goodwill associated therewith.

56.     Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

57.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.     That Defendant has misrepresented Defendants' services as being associated with or similar to the proprietary services provided by Mr. Sandless through falsely stating Defendants'

services as being floor refinishing services which do not require sanding or application of abrasives as provided to the public by Mr. Sandless.

3.      Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

      a.      selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote wood refinishing services as described in this complaint bearing the mark MR. SANDLESS® or anything referencing this Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MR. SANDLESS® Mark;

      b.      engaging in any activity that infringes Plaintiff's rights in its MR. SANDLESS® Mark;

      c.      engaging in any activity constituting unfair competition with Plaintiff;

      d.      engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's MR. SANDLESS® Mark;

      e.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services, namely, offering no sanding refinishing services, and, for no sanding wood floor refinishing are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's services, namely, offering no sanding refinishing services, and, for no sanding wood floor

refinishing are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

f.      using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Mark MR. SANDLESS or any part of the or any other mark that infringes or is likely to be confused with Plaintiff's MR. SANDLESS® Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's franchise services, namely, offering business management assistance in the establishment and operation of no sanding refinishing services, and, for no sanding wood floor refinishing.

5.      Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Mark MR. SANDLESS® or referring to SANDLESS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MR. SANDLESS® Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the MR. SANDLESS® or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's MR. SANDLESS® Mark, and to immediately remove them from public access and view.

6.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

9.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

10.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11.     Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

ALAN L. FRANK LAW ASSOCIATES, P.C.

_/s/  Evan L. Frank_

EVAN L. FRANK, ESQUIRE (#311994)

135 Old York Road

Jenkintown, PA  19046

T: 215.935.1000/ F: 215.935.1110

e-mail:  efrank@alflaw.net

_Attorneys for Mr. Sandless Franchise LLC_

Dated:   April 11, 2024